UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY GRANT,

    Plaintiff,

v.                                                       Case No.:  2:19-cv-682-FtM-38NPM

PAUL SEUSY, ASHLEY SCHLICK,
BENJAMIN W. HARDIN, JR. ,
CHARLOTTE L. ALLEN,
CONTRACTOR SERVICES 1,
L.L.C., DANIEL A. FOX, DAVID
CARLTON, DITECH HOLDING
CORPORATION, DON T. HALL,
ERIKA QUARTERMAINE, JAMES F.
POTTER, JAMES S. PARKER,
KENNETH HANCOCK, KIM WILSON
CHERAZ, KIMBERLY CARLTON
BONNER, LEE E. HAWORTH, LON
AREND, MARK F. NEGLEY,
MICHAEL RUFF, MICHAEL
SAVAGE, RICHARD D. CONFLITTI,
ROBERT B. BENNETT, RODNEY
SHIELDS, RONNIE DEAN ALLEN,
SHERRY STRUB-GUESS,
STEPHEN M. WALKER, SUSAN
GERMAN WRIGHT, VERNON L.
KEEN and VINCE SICA,

    Defendants.
_____/

## OPINION AND ORDER[1]

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Before the Court is Plaintiff Nancy Grant's Motion for Temporary Restraining Order (Doc. 2), requesting a temporary restraining order "against the entire 12th judicial circuit and any of its officers conducting business in its jurisdiction that involve Plaintiff Grant and her children, including the DeSoto County Sheriff's Office to prohibit further retaliation from occurring against Plaintiff and her children."

"The grant of a preliminary injunction in advance of trial is an extraordinary remedy." *McMahon v. Cleveland Clinic Found. Police Dept.*, 455 F. App'x 874, 878 (11th Cir. 2011) (internal quotations and citation omitted). In addition to the usual requirements for injunctive relief, a district court may issue an *ex parte* temporary restraining order

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). This Court's Local Rules establish additional requirements for any request for a temporary restraining order, including:

> (2) The motion must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits, not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible.
>
> (3) The motion should also: (i) describe precisely the conduct sought to be enjoined; (ii) set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c); (iii) be accompanied by a proposed form of temporary restraining order prepared in strict accordance with the several requirements contained in Rule 65(b) and (d); and (iv) should contain or be accompanied by a supporting legal memorandum or brief.
>
> (4) The brief or legal memorandum submitted in support of the motion must address the following issues: (i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the

potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest, if any.

Local Rule 4.05(b).

Grant's one-page Motion seeks unreasonably broad and vague injunctive relief without satisfying any of the requirements listed in this Order.

Accordingly, it is now

**ORDERED:**

Plaintiff Nancy Grant's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 19th day of September, 2019.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record