UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NANCY GRANT,

    Plaintiff,

v.                                                       Case No.: 2:19-cv-682-FtM-38NPM

PAUL SEUSY, ASHLEY SCHLICK,
BENJAMIN W. HARDIN, JR. ,
CHARLOTTE L. ALLEN,
CONTRACTOR SERVICES 1,
L.L.C., DANIEL A. FOX, DAVID
CARLTON, DITECH HOLDING
CORPORATION, DON T. HALL,
ERIKA QUARTERMAINE, JAMES F.
POTTER, JAMES S. PARKER,
KENNETH HANCOCK, KIM WILSON
CHERAZ, KIMBERLY CARLTON
BONNER, LEE E. HAWORTH, LON
AREND, MARK F. NEGLEY,
MICHAEL RUFF, MICHAEL
SAVAGE, RICHARD D. CONFLITTI,
ROBERT B. BENNETT, RODNEY
SHIELDS, RONNIE DEAN ALLEN,
SHERRY STRUB-GUESS,
STEPHEN M. WALKER, SUSAN
GERMAN WRIGHT, VERNON L.
KEEN and VINCE SICA,

    Defendants.
_____/

## OPINION AND ORDER[1]

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

This matter comes before the Court on *sua sponte* review of Plaintiff Nancy Grant's *pro se* R.I.C.O. Complaint and Demand for Jury Trial (Doc. 1). Federal Rule of Civil Procedure 8(a) requires that complaints contain "a demand for the relief sought, which may include relief in the alternative or different types of relief." But Grant's Complaint does not demand any particular relief. It instead asks "the Court to decide what actions to take regarding the above information." (Doc. 1 at 40).

Although *pro se* pleadings are entitled to particularly liberal interpretation, courts cannot rewrite a deficient pleading or act as *de facto* counsel for a *pro se* litigant. Even under the most liberal construction, Grant's Complaint does not meet the basic requirements of Rule 8. The Court will thus dismiss the Complaint without prejudice and allow Grant to file an amended complaint. In the amended complaint, Grant should state the relief she seeks in this case. The Court's website provides helpful information on filing documents in federal court to litigants who appear without an attorney: http://www.flmd.uscourts.gov/litigants-without-lawyers.

Accordingly, it is now **ORDERED**:

Plaintiff Nancy Grant's R.I.C.O. Complaint and Demand for Jury Trial (Doc. 1) is **DISMISSED without prejudice**. Grant may file an amended complaint on or before **October 10, 2019**. If Grant does not timely file an amended complaint, the Court will close this case without further notice.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of September, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record