FILED

2019 NOV 15  PM 4: 01

IN THE UNITED STATES DISTRICT COURT CLERK, US DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION FORT MYERS FLORIDA

Nancy Grant,

    Plaintiff,

                                              CIVIL ACTON

    v.                                 Case No.: 2:19-cv-682-FtM-38NPM

 Paul Seusy;
Ashley Schlick;
Benjamin W. Hardin Jr.;
Charlotte L. Allen;
Contractor Services 1, L.L.C.;
Daniel A. Fox;
David Carlton;
Don T. Hall;
Erika Quartermaine;
Florida Baptist Children's Homes;
James F. Potter;
James S. Parker;
Kenneth Hancock;
Kim Wilson Cheraz;
Kimberly Carlton Bonner;
Lee E. Haworth;
Lon Arend;
Mark F. Negley;
Richard D. Conflitti;
Robert B. Bennett;
Rodney Shields;
Ronnie Dean Allen;
Safe Children Coalition;
Sherry Straub-Guess;

**Stephen M. Walker;**
**Susan German Wright;**
**Vernon L. Keen;**
**Vince Sica;**
**Phillip Averbuck;**
**Scott K. Spivack;**
**Joseph R. Fritz;**
**Grady C. Irvin,**

      Defendants.

_____/

**AMENDED R.I.C.O. COMPLAINT,**
**DEMAND FOR JURY TRIAL**
**And**
**FOUR COPIES PROVIDED ON**
**TUESDAY, NOVEMEBER 19TH, 2019**

1.   **Plaintiff** Nancy Grant chargers that a corrupt small town government in Arcadia, DeSoto County Florida has in essence, been transformed into a racketeer influenced and corrupt organized crime-enterprise, has turned criminal cases into a forum for theft of children, property and business interest, and that this corruption has further generated void judgments, civil and criminal.

2.   Plaintiff, Nancy Grant (hereinafter "Plaintiff") files this RICO Complaint (pursuant to 18 U.S. Code Chapter 96) and Demand for Jury Trial, bringing this action against Defendants, Paul Seusy, (hereinafter

"Seusy"); Ashley Schlick (hereinafter "Schlick"); Benjamin W. Hardin, Jr. (hereafter "Hardin"); Charlotte L. Allen (hereinafter "C. Allen"); Contractor Services 1, LLC (hereinafter "CS1"); Daniel A. Fox (hereafter "Fox"); David Carlton (hereinafter "Carlton"); Ditech Holding Corporation (hereinafter "DHC")  Don T. Hall (hereinafter "Hall"); Erika Quartermaine (hereinafter "Quartermaine"); Florida Baptist Childrens Homes (hereinafter "FBCH"); James F. Potter ( hereinafter "Potter"); James S. Parker (hereinafter "Parker"); Kenneth Hancock (hereinafter "Hancock");  Kim Wilson Cheraz (hereinafter "Wilson") Kimberly Carlton Bonner (hereinafter "Bonner"); Lee E. Haworth (hereinafter "Haworth"); Lon Arend (hereinafter "Arend"); Mark Negley (hereinafter "Negley"); Richard D. Conflitti (hereinafter "Conflitti");  Robert B. Bennett (hereinafter "Bennett"); Rodney Shields (hereinafter "Shields"); Ronnie D. Allen (hereinafter "R. Allen"); Safe Children Coalition (hereinafter "SCC");  Sherry Straub-Guess (hereinafter "Guess"); Stephen M. Walker (hereinafter "Walker"); Susan German Wright (hereinafter "Wright"); Vernon L. Keen (hereinafter "Keen"); Vince Sica (hereinafter "Sica"); Phillip Averbuck (hereinafter "Averbuck"); Scott K. Spivack (hereinafter "Spivack"); Joseph R. Fritz (hereinafter "Fritz"); Grady C. Irvin (hereinafter "Irvin").

# I    Summary of Claims

**4.** This is a civil RICO claim which requires Plaintiff to demonstrate the Defendants engaged in a "pattern" of misconduct (called "racketeering" under the RICO statutes). "Pattern of racketeering activity" requires at least two acts of racketeering activity committed within ten years of each other.

**5.** The civil action for RICO is defined in 18 U.S.C.A § 1964 (c): "Any person injured in his business or property by reason of a violation of section 1962 of this chapter may......recover threefold the damages he sustains and the cost of the suit, including a reason attorney's fee....." Section 1962 has four subparts and generally prohibits the use of income obtained from a pattern of racketeering activity or through collection of an unlawful debt to purchase, establish, operate, or participate in the affairs of any enterprise in interstate or foreign commerce.

**6.** Plaintiff will demonstrate the repercussions starting with one illegal act, having never been corrected then over time others decide to contradict; or

Simply not following the edicts required of those working as officers of the courts. When private citizens work with these individuals and are allowed to participate with these officers of the courts having full cooperation with a sheriff's department to retaliate, intimidate, incarcerate, extort and defame in order to ensure absolute, vindictive power and ensure a reign of terror produced from within the 12th circuit court in DeSoto County.

7. These behavioral patterns of abuse by top officials, officers of the courts and top ranking law enforcement officers, and cooperative private citizens working with them are so commonplace and rampant that they are considered standard operating procedure presently and in the foreseeable future unless exposed. The means to create change can only be brought about by seeing that governmental agencies act equitably, justly and according to the laws of the State. Thus far the protection for individuals living in communities has been irretrievably broken by the actions of the Defendants.

8. The Defendants have by and through the courts, sheriffs department and cooperating private citizens engaged in "racketeering activity" through: (A)

Acts of threats, bribery and extortion which is chargeable under State law and punishable by imprisonment for more than one year, and(B) Bribery-Sections 201 and Sections 664, Mail fraud –section 1341, Obstruction of Justice Section 1503, Obstruction of Criminal Investigations-Section 1510, Obstruction of State or Local Law Enforcement-Section 1511, Tampering with a Witness, Victim, or an Informant-Section 1512, Retaliation Against a Witness, Victim, or an Informant-Section 1513,  Peonage, Slavery, and Trafficking in Drugs and Persons-Section 1581-1592, Racketeering-Section 1952; Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § et seq. (Federal RICO", and Florida's Racketeering Statute, Chapter 895 et seq. (Florida RICO"), as more fully set forth and 42 U.S. Code § 1985, Conspiracy to Interfere with civil rights

## II.   **PARTIES, JURISDICTION AND VENUE**

**9.** Plaintiff is a citizen of Florida and resides in the Middle District of Florida;

**10.** Defendant Seusy, is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**11.** Defendant Schlick, is a citizen of Florida, resides n the Middle District of Florida, an officer of Contractor Services 1, LLC with the Florida Division of Corporations and is being sued in her official and individual capacity;

**12.** Defendant Hardin, Jr. is a citizen of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**13.** Defendant, C. Allen is a citizen of Florida, resides in the Middle District of Florida and is being sued in her individual capacity;

**14.** Defendant, CS1 a corporation in the state of Florida, registered with the Florida Division of Corporations, doing business in the Middle District of Florida and is being sued in its official capacity;

**15.** Defendant, Fox is a citizen of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**16.** Defendant Carlton is a citizen of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**17.** Defendant Hall is citizen of Florida, a 12th circuit judge, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**18.** Defendant Quartermaine is a citizen of Florida, a 12th circuit judge, resides in the Middle District of Florida and is being sued in her official and individual capacity;

**19.** Defendant FBCH a corporation in the state of Florida, registered with the Florida Division of Corporations, doing business in the Middle District of Florida and is being sued in its official capacity;

Page 8

**20.** Defendant Potter is a citizen of Florida, the elected DeSoto County Sheriff, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**21.** Defendant Parker is a citizen of Florida, a retired 12th circuit judge, resides in the Middle District of Florida and is being sued in his individual capacity;

**22.** Defendant Hancock is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**23.** Defendant Wilson, is a citizen of Florida, resides in the Middle District of Florida and is being sued in her individual capacity;

**24.** Defendant Bonner is a citizen of Florida, the 12th circuit chief judge, resides in the Middle District of Florida and is being sued in her official and individual capacity;

**25.** Defendant Haworth, is a citizen of Florida, a 12th circuit judge, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**26.** Defendant Arend, is a citizen of Florida, a 12th circuit judge, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**27.** Defendant Negley, is a citizen of Florida, an elected Supervisor of Elections for DeSoto County, resides in the Middle District of Florida, and is being sued in his official and individual capacity;

**28.** Defendant Conflitti is a citizen of Florida, resides n the Middle District of Florida, an officer of Contractor Services 1, LLC with the Florida Division of Corporations and is being sued in his official and individual capacity;

**29.** Defendant Bennett, is a citizen of Florida, a retired 12th circuit judge, resides in the Middle District of Florida and is being sued in his individual

capacity;

**30.** Defendant Shields is a citizen of Florida resides in the Middle District of Florida and is being sued in his individual capacity.

**31.** Defendant R. Allen is a citizen of Florida resides in the Middle District of Florida and is being sued in his individual capacity.

**32.** Defendant SCC, a corporation in the state of Florida, registered with the Florida Division of Corporations, doing business in the Middle District of Florida and is being sued in its official capacity;

**33.** Defendant Guess is a citizen of Florida resides in the Middle District of Florida and is being sued in her individual capacity.

**34.** Defendant Walker is a citizen of Florida, a 12th circuit judge, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**35.** Defendant Wright is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in her official and individual capacity;

**36.** Defendant Keen is a citizen of Florida, former Sheriff of DeSoto County, resides in the Middle District of Florida and is being sued in his individual capacity;

**37.** Defendant Sica is a citizen for Florida, CEO of DeSoto Memorial Hospital, resides in the Middle District of Florida and is being sued in his individual capacity;

**38.** Defendant Averbuck is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**39.** Defendant Spivack is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**40.** Defendant Fritz is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**41.** Defendant Irvin is a citizen of the state of Florida, a Florida Bar attorney, resides in the Middle District of Florida and is being sued in his official and individual capacity;

**42.** The above Plaintiff and all the above Defendants are subject to the personal jurisdiction of the Court;

**43.** The Court has subject matter jurisdiction over this case pursuant to 18 U.S.C. § 1964 © and 18 U.S.C. § 1962;

**44.** Venue is proper in this district, pursuant to 28 U.S. C. § 1391 (b), as all Defendants either reside or do business in this district and events giving rise to Plaintiff's claims occurred in this district. Venue is also proper in this district pursuant to 18 U.S.C. § 1965 as all Defendants have conducted their affairs in the Middle District of Florida.

## III  THIRTY YEAR PATTERN

**45.** Plaintiff chargers that a corrupt small town government in Arcadia, DeSoto County Florida has in essence, been transformed into a racketeer influenced and corrupt organized crime-enterprise, has turned criminal cases into a forum for theft of property and business interest, and that this corruption has further generated void judgments, civil and criminal.

**46.** The documents from this case are no longer in the DeSoto County Courthouse. Plaintiff has her copies in an undisclosed location

IN THE INTEREST OF:
 KEVIN DAUGHTREY,
 CHRISTOPHER DAUGHTREY,
 BENJAMIN DAUGHTREY,
 MARIA DAUGHTREY
Case #1984-44-CJ

Defendants: C. Allen, R. Allen, Parker, FBCH

Plaintiff's four children were removed from her custody by an illegal Baker Act performed as a joke. After almost 6 months the story aired on national television and Defendant Parker returned Plaintiff's children. The event was not held in a courtroom, but in the courthouse law library. Plaintiff had her children taken and returned without one hearing in a court of law thus violating her due process rights. Her children were placed in the Florida

Baptist Children's Home by Florida Department of Children and Families (corporate name change from HRS, Health Rehabilitative Services) for adoption. Defendant Parker "immediately" after the return of her children was documented making arrangements "to set up" the removal of her children again and statements were documented of his extreme prejudice against Plaintiff.   The 5th and 14th Amendment to the United States Constitution, the due process clause was violated. The 1st Amendment to the United States Constitution protects freedom of religion. Plaintiff was called a "religious fanatic" and persecuted, she and her children abducted illegally and the repercussions of this one illegal act continues to the present day.

**47. STATE OF FLORIDA v BENJAMIN DAUGHTREY**
1997CF000382
1997CF000428

Defendant: Parker,

Because of the trauma of 1984 Plaintiff's son Ben Daughtrey became so insecure that he would not spend one night away from home during his entire childhood.. He would not talk about the 1984 event his entire life until one day when turning 21 years, in a restaurant during a lightning storm he began suddenly to talk about 1984. His brothers, and sister were also

shocked as he began speaking details, even we didn't recall,  like the name of the case worker who hauled him out under his arm like a piece of luggage with Ben kicking and screaming. Ben's trouble of this felony was case was published on the front page of the newspaper in the Arcadian. Defendant Parker presided over the case! Bens Due Process rights were violated as this RICO complaint will show in the jury trial, that the DeSoto County Jail and Courthouse operationss were racketeering back then as well. Ben is a responsible husband and father of two children, with a beautiful home in North Port and works in Sarasota. Despite his difficult childhood trauma he has, as an adult overcome it all and is well aware of the injustices he had to endure.


**48.** STATE OF FLORIDA v. JOHNNIE SMITH
2000-CF-430
Defendants: Parker, Hall, Averbuck, Spivack, Fritz, Irvin

Defendant Parker was the presiding judge on this case and kept speaking Plaintiff's name, Nancy Grant during the trial of Johnnie Smith. Plaintiff did not attend Johnnie's trial. During this time Plaintiff was the "Jailer in Chief" the "CEO" of a political action committee registered with the Florida Department of Elections called J.A.I.L., the Judicial Accountability Initiative

Law and Johnnie's mother was supportive. Plaintiff involvement, as well, was talking about Johnnie's case on the local radio station regarding how long he was being held in jail without trial, over 2 years. There were two young men with Johnnie and a woman at the time of the arrest. The woman was not arrested. The case is of a bank robbery that occurred in Arcadia. The FBI investigated but did not pursue for lack of evidence. The DeSoto County Sheriff's office went on to create evidence and conducted a mock trial in 2002. The FBI visited Johnnie in prison about 1 yr. ago and informed him the woman at the time of the arrest had been murdered. Defendant Parker sentenced Johnnie to life in prison in violation of Florida Statute sentencing guidelines, Plaintiff calls it vindictive sentencing. The FBI told Johnnie he shouldn't be in prison, its now going on 19 years. *See Plaintiff complaint to the Florida Supreme Court Case No SC05-2090 statement made to Plaintiff's son Kevin Daughtrey by Defendant Parker, 'bad things happen to those associated with your mother"*

Plaintiff's 1st Amendment rights are violated in that Plaintiff has the right to speak freely of injustices she sees without retaliation having her name publicly slandered.

**49.** DAVID P. CARLTON v MARK F. NEGLEY
2004CA000335
Defendants: Carlton, Bennett,

Plaintiff ran for county judge in 2004 after reading the U.S. Constitution that

if the population of the county is less than 30,000 it was not required to be a

member of the Florida Bar to be placed on a ballot. Plaintiff collected her

signatures and was put on the ballot as a candidate for county judge.

Immediately after getting on the ballot the Supervisor of Elections, Mark

Negley and Plaintiff were sued by Defendant Carlton. Due to Hurricane

Charlie hitting Arcadia, August 13th, 2004 Plaintiff could not continue with

this case. Defendant Bennett ordered Plaintiff to be removed from the ballot.

Plaintiff demanded her right to due process, of a trial but all this was

ignored. Plaintiff Grant filed a complaint in the Middle District but the

hurricane prevented her from pursuing the action and the complaint was

dismissed without prejudice. Plaintiff claim was she should not have to be a

member of the Florida Bar because when Florida entered the Union it had to

guarantee it would NEVER prohibit the right of the citizens to hold public

office or vote. Both of these promises have been broken. Defendant Carlton

violated Plaintiffs right to due process as stated in the 5th and 14th

Amendment to the U.S. Constitution. Defendant Bennett wrote an order that

can not be understood, misleading and contains false information in his attempt to show Plaintiff could not read the Florida Constitution and understand its contents.

**50.** NANCY DAUGHTREY (GRANT) v.
FLORDIA DEPARTMENT OF CHLDREN AND FAMILIES
SC05-2090; 2D05-4917

Defendants: C.Allen, R. Allen, Parker, SCC

Plaintiff filed a Motion to Re-Open the case in the 1984 case 84-44-CJ due to the fact that new evidence was found in the case documents where Defendant Parker  (1. Admitted there had been no reason to take Plaintiff's children; (2.  Defendant Parker contacted the case worker on Plaintiff case after her children were returned, "to create a reason to remove the children." It is documented that Defendant Parker was conspiring to have Plaintiff Grant's children taken again. Plaintiff found this documentation because of the events that were transpiring involving Plaintiff's oldest son, Kevin Daughtrey. Once again, no due process rights were available to Plaintiff Grant as Defendant Parker continued on the bench violating Plaintiff's 5th and 14th Amendment to the U.S. Constitution rights. SCC is trafficking children in violation of 18 U.S. Code § 1591 and (TVPA) Trafficking

Victims Protection Reauthorization Act, 2003, 2005, 2008 and 2013.

**51.** SHANNON L. DAUGHTREY v KEVIN DAUGHTREY
2005DR214; 2D05-5768;
Defendants: Sica, Parker
The mortgage agreement shows Shannon Daughtrey's forged signature one

year after the agreement was finalized.

**52.** SHANNON HOWARD f/k/a SHANNON DAUGHTREY
v. NANCY JO GRANT
2005-CA-442;
Defendants: Parker, Sica
Quiet Title due to the Common Law Lien

**53.** SHANNON DAUGHTREY v KEVIN DAUGHTREY
2005 DR 000611;
Defendants: Hall, Bonner
Hall recused himself at restraining order hearing

**54.** STATE OF FLORIDA v KEVIN E DAUGHTREY
2005-CV-370;
Defendants: Hall, Parker, Bennett,

This case is about false criminal charges on Kevin, locking him up to steal

his property.

**55.** NANCY GRANT V. JERRY HILL, RONALD NEADS, FELTON GARNER, DELMA ALLEN
2006-CA-664
Defendants: R, Allen, Parker, Hall

Mud bogging business blocked the day it was supposed to open. Sheriff

Deputies showed up and threatened to arrest Chris if he opened after getting

all paperwork he was told he should have

**56.** NANCY GRANT,
KEVIN DAUGHTREY v.
JUDGE JAMES S. PARKER, et al
2:07-cv-00651-UA-DNF;
Defendants: Parker, Hall, Bennett, Haworth, Hall, Sica, Arend, Wright, Keen,

This case was filed in federal court about case Kevin's property to stop the

theft of his inheritance.

**57.** STATE OF FLORIDA v. NANCY GRANT
2006CF000335
Defendants: Parker, Arend, Wright, Keene,

Notes written immediately after the one sided trial-prosecution only.

**a.** *Jury Tampering: An undisclosed juror came forward about what*

*happened during jury deliberation, said they were all threatened and*

ordered to find me guilty or they were not leaving the room. The jurors were informed their family members could be hurt.

**b.** Prosecution side only at the trial;

**c.** Suspending driver's license not included in statutory punishment for UPL, lost license for 6 years.

**d.** Court acted as a legislative body creating law using the jury instructions. For instance, "It is UPL to file a paper with the clerk for another person";

**e.** Excessive bond of $50,000; I paid $5,000 to bond out;

**f.** Statement in Probation Orders for a lien of $33,600 to be placed on my property. The $33,600 had to be paid in full before my drivers license couldbe reinstated. It was paid in 6 years. I had to complete half of my 15 years probation.

**g.** The State subpoenaed 250 people for a jury trial three times. First one I wasn't notified, second one I was ready for trial and they cancelled it, third one was when they forced a friend attorney to be the trial lawyer. He wasn't an appointed PD. So he was never paid to represent me.

*h. Called passing out Jury Handbook "practicing law" in writing by the investigator of the Sheriff's dept.*

*i. Florida Supreme Court uses the term "Exclusive" when referring to Florida Bar on UPL.*

*j. The Jury Instructions are created from Florida Bar civil cases when I was charged criminally.*

*k. No victims. During the selection of jury members many of them walked out when they heard there was no victim and could they still decide to be a jury member.*

*l. F.S. 454.23 penalty is not to exceed $5,000. I was fined $33,600. The clerk of court had not paid into the Clerk of Court trust fund, $33,800 so the court tried to get it from me.*

*m. Judge ordered me to get three signatures from three banks that I could not get a loan for $33,000. Explained my income did not allow me to borrow that much called debt/income ratio. That was ignored.*

*n. Complete denial of pro se rights under threat of imprisonment if I filed*

pro se on anything except as a Defendant. Ordered as part of my probation I could not initiate any new complaints.

**o.** First appearance was before Judge Parker. He told me as condition of my bond I was not allowed to talk to any inmates or any inmate family members about anything going on at the jail or courthouse.

**p.** Had to deactivate the  Florida Pro se Bar I formed with the Florida Division of Corporations: NAACP v. Button, 371 U.S. 415); United Mineworkers of America v. Gibbs, 383 U.S.715; and Johnson v. Avery, 89 S. Ct. 747 (1969)

**q.** Members of groups who are competent non-lawyers can assist other members of the **group** achieve the goals of the group in court without being charged with "unauthorized practice of law."

**r.** Ordered I could not write to prisoners in the state of Florida or Florida Civil Commitment Center.

**s.** The State created a hostile witness Kim Wilson, who works in the clerk's office, she is still there. She said I called a prisoner, "my client", which is a lie. She is in my probation orders.

**t.** Moved the jury deliberation to the County Commissioner's building next door to the court house.

*u.* *When I was in the DeSoto County Jail:*

*v.* *Judge Parker kept me in booking in the cell for 3 months, directly in front of the audio visual so could look directly into my cell and see me in there. It was during this time I saw an officer come prancing in holding a bag of cocaine in one hand and a huge wad of bills in the other hand. A few of the officers suddenly made gestures pointing to me for him to quit displaying his wares.*

*w.* *Donald Hartery, the prosecuting attorney went to Adeline Hudson's home badgering her at her door they had to get in their car and leave to get away.*

*x.* *Hartery ordered Deposition to be done in Wachula and came there with no court reporter. He was told to retire or he'd be fired after the trial. He left the country. He had been an attorney for traffic prior to my trial.*

*z.* *I was not allowed to have one witness for my Defense. If my attorney tried, the jury was moved out of the courtroom.*

*aa.* *I was able to listen to the women inmates talking about being set up by the sheriff officers with drugs then arrested. Also, about forced plea deals, keeping inmates in jail for over 3 years incognito;*

Page 25

**58.** STATE OF FLORIDA V. NANCY GRANT
2008-CA-459
Petition for Habeas Corpus denied.


**59.** GREENTREE SERVICING v KEVIN DAUGHTREY
2012-CA-462;  Defendants   Seusy,   Bonner,   Hall,   Conflitti,   Shields,
Quartermaine and Potter;

This case involves a foreclosure on house, a settlement agreement never

ordered by the court due to the attorney of record disappearing.


**60.** GREENTREE SERVICING V. KEVIN DAUGHTREY
2014-CA-142
Defendants: Ditech, Savage, Seusy, Ruff, Quartermaine, Shields, Conflitti,
Schlick, Contractor Services,

Kevin was sued over an easement issue, now proceeding without the

attorney for the Plaintiff and Rodney Shields becomes the replaced Plaintiff

of the property "allegedly owned" by Contractor Services. Hearing August

28, 2019; Shields is allowed to ride piggy back off a case as Plaintiff.


**61.** GREENTREE SERVICING v. NANCY GRANT
 2016CA000344; 2D17-2698; Defendants Bonner, Walker, Seusy,  and Hall.

Plaintiff wanted to be sued over a quit claim deed so she could get into the

courts records the corruption in the 12th circuit. Defendant Bonner appointed Defendant Walker who proceeded without jurisdiction, without the attorney of record; Green Tree, no longer the owner, its Contractor Services. Court is movied forward without jurisdiction with Defendant Seusy at the helm to steal more property from Plaintiff; Seusy acting as the attorney for Plaintiff and Defendant.

**62.** NANCY GRANT v CHARLOTTE ALLEN AND RONNIE D. ALLEN\
 2019-CA-189;

Filed a complaint about 1984 asked for relief property, filed Lis Pendens on it. Defendant Bonner dismissed them. So Plaintiff filed a complaint with Lis Pendens in federal court where she has no jurisdiction.

**63.** CHARLOTTE ALLEN v. NANCY GRANT
2019-CA-098
Defendants: C. Allen, Bonner, Walker, Fox
Sued for attorney fees

**64.** STATE OF FLORIDA v. NANCY GRANT
2019-CF-221; Defendants: Potter, Shields,

Plaintiff was arrested, May, 2019 on false charges of grand theft auto. The

state attorney refused to prosecute and the case was closed. This was a

retaliatory action against Plaintiff by Defendant Potter giving rise to

misfeasance and voyeurism on Plaintiff.

**65.** NANCY GRANT V. ASHELY SCHLICK manger of CONTRACTOR
SERVICES 1, LLC and RICHARD CONFLITTI
2019-ca-099
Defendants: Schlick, C. Services, Conflitti, Walker, Seusy, Bonner, Ditech,
Brodsky, Shields,
Suit for trespassing & property ownership fraud. Judge Bonner removed

Defendant Ashley Schlick manager of Contractor Services 1, LLC off the

case.

**66.** RICHARD CONFLITTI v. GINA LABRUNO
#2019-cc-078 Defendants: Shields, Conflitti, Potter, Hall, Seusy

All the Defendants listed collectively arranged the abduction of Gina

LaBruno, who was, under false pretenses, dropped off in Ohio to remove her

from the location listed in this case; so the location could be used as a drug

house for the distribution of drugs. She returned eight days after being

abducted. When the abduction failed the Defendants conspired to take the

house again, illegally entering by cutting a perimeter fence to a ranch

containing livestock, trespassing, to get to the  home where Gina was

staying; giving her five minutes to get out, forcing her out, by the gun

carrying sheriff officers. All Gina LaBruno's private possessions were never

returned to her. Defendants used a void break order judgment issued by

Defendant Hall from 2014.


## PRAYER FOR RELIEF

**WHEREFORE PLAINTIFF GRANT** demands judgment and other relief as follows:

**67.** Plaintiff requests appropriate orders and judgments prohibiting

Defendants Seusy, Hardin, Fox, Carlton, Hancock Bonner, Wright, Sica,

Averbuck, Spivack, Fritz and Irvin from engaging in the practice of law for

their violations of their Oath of Admission to the Florida Bar;


**68.** Plaintiff requests the appropriate order and judgment placed on

Defendants Averbuck, Spivack, Fritz, and Irvin to pay fees paid to them then

falsely representing Johnnie Smith; 3X's the amounts; for violations of their

Oath of Admission to the Florida Bar.

**69.** Plaintiff requests an appropriate order for an investigation under the proper authorities of attempted grand theft of livestock in the actions of Defendant Seusy;

**70.** Plaintiff requests appropriate orders and judgments prohibiting Defendants

Hall, Quartermaine, Bonner,  Haworth, Arend, Bennett and Walker, from engaging in the practice of law in their official capacity as judges for violations of their Oaths of Office;

**71.** Plaintiff requests appropriate order and judgment placed on James S. Parker in the form of a court reprimand for the damage inflicted upon Plaintiff over a 30 year span of time; and the $5,000.00 excessive bond Plaintiff paid be returned to her by Defendant Parker, 3X's the amount pursuant to 18 U.S.C. § 1964 (c);

**72.** Plaintiff requests the appropriate order and judgment placed on Contractor Services 1, L.L.C. to order the company be removed from the

Florida Division of Corporations for its false listing as a legitimate

corporation;

73. Plaintiff requests the appropriate order and judgment placed on Florida

Baptist Children's Homes and Safe Children's Coalition prohibiting its

operation for outwardly existing as a child protection /placement facility

when in reality is a child trafficking facility;

74. Plaintiff requests the appropriate order and judgments placed on

Defendant(s) C. Allen and R. Allen for the relief property listed in the filed

Lis Pendens be given to Plaintiff as relief;

75. Plaintiff requests the appropriate order and judgment placed on

Defendant Conflitti and Schlick to remove the false corporation listed as

Contractor Services 1, L.L.C. from the Florida Division of Corporations

never to be re-entered;

76. Plaintiff requests the appropriate order and judgment placed on

Defendant Conflitti that he not be allowed to collect a $50,000 title

insurance taken out as a result of his work to claim property he knew wasn't

Contractor Services 1, L.L.C.;


**77.** Plaintiff requests the appropriate order and judgment placed on

Defendant Kim Wilson Cherez to allow her to submit a written statement

under Oath of her being offered a reward or blackmailed to get her to testify

that Plaintiff called a person, "my client". In this offer Plaintiff requests an

appropriate order and judgment that her position in the DeSoto County Clerk

of Court as an employee be protected, not threatened as a result of his Oath.


**78.** Plaintiff requests the appropriate order and judgment placed on

Defendant Potter for his position as Sheriff of DeSoto County be suspended

and the person who lost the election to Sheriff Potter, William Delaney,  be

appointed to fill the position until the 2020 elections due to Potter's violation

of his Oath of Office, Malfeasance, Misfeasance and Voyeurism in office.;


**79.** Plaintiff requests the appropriate order and judgment placed on

Defendant Negley that his position as Supervisor of Elections be terminated

and a person who challenged Negley's office in 2016 be appointed until the 2020 elections, for violation of his Oath of Office, manipulating votes and violations of Florida Statutes.

**80.** Plaintiff requests the appropriate order and judgment placed on Defendant Guess, Shields, Conflitti, Potter, and Seusy be investigated criminally for collectively working together to abduct an adult white female who was removed from her home by false information and dumped in another state;

**81.** Plaintiff requests the appropriate order and judgment placed on Sheriff Potter and all successive Sheriff's that the CI, Confidential Informer program be permanently terminated in DeSoto County for abuse on the American population promoting drug sales, forcing continued addictions, resulting in deaths, beatings, rape and false incarcerations;

**82.** Plaintiff requests the appropriate order and judgment placed on Defendants Shields, Conflitti, and Seusy, for an investigation of drug dealing and drug distribution crossing Plaintiff's family property.

**83.** Plaintiff requests the appropriate order and judgment of malfeasance against Defendant Potter for failure to enforce Florida Statute 810.115 of an illegal entrance thru a perimeter fence of Plaintiff's family property; ordering the illegal entrance no longer be allowed to be used; enforcing the citation issued by the Florida Department of Transportation in this matter

**84.** Plaintiff requests the appropriate order and judgment for an investigation into the workings of the entire 12th circuit for racketeering, false imprisonment, inmate abuse, forced plea deals, punishment sente nces in retaliation of being exposed pursuant to 18 U.S.C. § Chapter 96;

**85.** Plaintiff requests the appropriate order and judgment for an investigate into the operations of the entire sheriff's department, its budget, treatment of inmates, conditions of their jail housing, food and water provided and charges initiated by the sheriff's officers for purposes of reform pursuant to Public Health Standards set forth in the Florida Statutes;

**86.** Plaintiff requests the appropriate order and judgment for Defendant Potter be investigated criminally by the proper authorities for the abduction

of Gina LaBruno pursuant to the Federal Kidnapping Act 18 U.S.C. § 1201.

**87.** Plaintiff requests the appropriate order and judgment against Defendant Seusy be investigated for white collar crimes of using the 12th circuit court to manipulate information, submission of proposed criminal orders for creating income operating in a court void of jurisdiction pursuant to 18 U.S. Code § Chapter 96;

**88.** Plaintiff requests the appropriate order and judgment again Defendants Parker, Hall, Bonner, Walker, and Quartermaine for moving forward in a court actions void of jurisdiction, that the Defendants be investigated for white collar crime resulting in theft of property, child abduction, false arrests and illegal prison sentences pursuant to 18 U.S.C. § Chapter 96;

**89.** Plaintiff requests judgments to be proven at trial that requires the DeSoto County Sheriff Department disgorge any unlawful profits or otherwise return the full amount of its unjust enrichment;

**90.** Plaintiff requests the appropriate order and judgment  for the return of

family property stolen by corrupt officers of the court.


**91.** Plaintiff requests trial by jury;


**92.** Such relief as this Court deems necessary and appropriate.


Respectfully Submitted,

Nancy Grant        Dated this 15th Day of November, 2019.

Nancy Grant
803 E. Magnolia St.
Arcadia, FL 34266
(863) 444-3257


## CERTIFICATE OF SERVICE


**I HEREBY** CERTIFY that the following Defendants will be served:

Paul Seusy, 7 N. Roberts Ave., Arcadia, FL 34266;

Ashley Schlick,  3440 Depew Ave, Pt. Charlotte, FL 33952;

Benjamin W. Hardin Jr., 1905 Bartow Rd., Lakeland, FL 33801;

Contractor Services 1, LLC, 3440 Depew Ave, Pt. Charlotte, FL 33952;

Charlotte L. Allen, 10057 NW Lily Cty. Line St., Ona, FL 33862;

Daniel A. Fox, 1905 Bartow Rd., Lakeland, FL 33801;

David P. Carlton, 12687 SW Cty. Rd. 769, Lake Suzy, FL 34269;

Don T. Hall, 115 E. Oak St. Suite 201, Arcadia, FL 34266;

Erica Quartermaine, 4000 S. Tamiami Tr. Sarasota, FL 34293;

Florida Baptist Children's Homes, Reg. Agent Jerry T. Haag, 1015 Sikes

Blvd, Lakeland, FL 33815;

James F. Potter; 208 E. Cypress St., Arcadia, FL 34266;

James S. Parker, 115 E. Oak St. Suite 201, Arcadia, FL 34266;

Kim Wilson 115 E. Oak St., Arcadia, FL 34266;

Kimberly Carlton Bonner, 2002 Ringling Blvd., Sarasota, FL 34237;

Lee E. Haworth, 2002 Ringling Blvd. Sarasota, FL 34237;

Lon Arend, 2002 Ringling Blvd. Sarasota, FL 34237;

Mark Negley, 201 E. Oak St., #104, Arcadia, FL 34266;

Richard D. Conflitti, 3440 Depew Ave, Pt. Charlotte, FL 33952;

Robert B. Bennett, Jr., 2002 Ringling Blvd. Sarasota, FL 34237;

Rodney Shields; 4673 SE Wilbur Dr., Arcadia, FL 34266;

Ronnie Dean Allen, 10057 NW Lily Cty. Line St., Ona, FL 33862;

Safe Children Coalition, Reg. Agent: Cross St. Corporate Services LLC, 200

S. Orange Ave. Sarasota, FL 34236;

Sherry Straub-Guess, 4673 SE Wilbur Dr., Arcadia, FL 34266;

Stephen M. Walker, 2002 Ringling Blvd., Sarasota, FL 34237;

Susan German Wright, 115 E. Oak St. Suite 201;

Vernon L Keen, 208 E. Cypress St., Arcadia, FL 34266;

Vince Sica, 900 N. Roberts Ave., Arcadia, FL 34266;

Phillip Averbuck, 113 E. Main St., Bartow, Fl 33830;

Scott K. Spivack, 1543 Lakeland Hills Blvd., Lakeland, FL  33805;

Joseph R. Fritz, 4204 N Nebraska Ave., Tampa, FL33603;

Grady C. Irvin Jr., 507 W. Dr. M. L. King Jr. Blvd., Plant City, FL  33563;


_____     November 15, 2019.
Nancy Grant


Page 38